Opinion issued February 26, 2009








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00512-CR

____________


KWAMENE TRENT XZAVION NICHOLS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1135707






MEMORANDUM OPINION

 Appellant, Kwamene Trent Xzavion Nichols, without an agreed punishment
recommendation from the State, pleaded guilty to the offense of aggravated robbery, (1)
and the trial court assessed his punishment at confinement for 15 years. In one issue,
appellant contends that the trial court erred in allowing an extraneous offense to be
included in the pre-sentence investigation report used during his punishment hearing.

 We affirm.

Factual and Procedural Background

 After appellant pleaded guilty to committing the offense of aggravated robbery,
he told the trial court that he had pointed a shotgun at the complainant, Jose Martinez,
while two of his friends took the complainant's car keys. When the trial court asked
appellant to explain whether he and his friends had planned to commit the robbery,
appellant replied,

 [Appellant:] No, ma'am. I was just getting into some stuff. I
didn't know what I was getting into.


 [The trial court:] What do you mean?


 [Appellant:] Friends influence . . . and I was under alcohol and
marihuana and I was riding around and they did it
the first time but I was with them and we went to the
next apartment complex and that's when they told
me to do it and I just did it. It was a dumb decision.

After giving appellant the required admonishments, (2) the trial court concluded that
there was sufficient evidence to find appellant guilty and reset the case for a
sentencing hearing.

 Before the sentencing hearing, a pre-sentence investigation report was
prepared. The report contained information about the instant offense and a second
aggravated robbery committed on the same day.

 At the sentencing hearing, appellant's mother and pastor testified that appellant
had "changed." Appellant testified that he had "confessed to several aggravated
robberies" as stated in his pre-sentence investigation report. On cross-examination,
he agreed that he had committed four other aggravated robberies on the same day as
the instant offense. Appellant also conceded that after pleading guilty, but before the
sentencing hearing, he had been arrested for the offense of possession of marijuana, (3)
and he agreed that he had planned to sell the marijuana in order to "get some extra
money." After hearing the evidence and counsels' arguments, the trial court found
appellant guilty and assessed his punishment at confinement for 15 years, stating that
appellant's "claim to have changed" seemed especially insincere in light of his recent
arrest for the offense of possession of marijuana.

"Extraneous" Offense

 Appellant argues that he was deprived due process of law because the pre-sentence investigation report included information about a second aggravated robbery
which "was not shown to be connected to the appellant."

 When a criminal defendant pleads guilty to a felony offense without a
punishment recommendation from the State, the trial court "shall direct a supervision
officer" to prepare a pre-sentence investigation report "before the imposition of
sentence." Tex. Code Crim. Proc. Ann. art. 42.12 § 9(a), (g)(4) (Vernon Supp.
2008). The report should convey to the court "the circumstances of the offense with
which the defendant is charged, . . . the criminal and social history of the defendant,
and any other information relating to the defendant or the offense requested by the
judge." Id. § 9(a). If the information in the report is incorrect, the defendant may
"introduce testimony or other information alleging a factual inaccuracy in the
investigation or report." Id. § 9(e) (Vernon Supp. 2008). 

 Here, appellant did not object to the inclusion of the second aggravated robbery
in the pre-sentence investigation report. In fact, during his direct examination,
appellant agreed that he had committed the aggravated robberies discussed in the pre-sentence investigation report. Additionally, although the report included information
about a second aggravated robbery, appellant testified that he had actually committed
a total of five robberies on the same date. Because appellant did not object to the
inclusion of the second aggravated robbery in the report, we hold that appellant
waived this issue for our review. See Tex. R. App. P. 33.1(a); see also Tex. Code
Crim. Proc. Ann. art. 42.12 § 9(e).

 We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.



 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 





1. See Tex. Penal Code Ann. § 29.03 (Vernon 2003).
2. See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2008). 
3. See Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003).